1

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7

8  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  GENENTECH, INC. and ROCHE PALO
   ALTO LLC,

10                                            No. C 11-01925 JSW
                Plaintiffs,                   No. C 11-02410 JSW
11

     v.
12
     SANDOZ INC.,                             **NOTICE OF TENTATIVE**
13                                            **RULING AND QUESTIONS**
                Defendant.
14
     GENENTECH INC. and ROCHE PALO
15   ALTO LLC,

16              Plaintiffs,

17   v.

18   APOTEX INC.,

19              Defendant.

20                                         /

21

22       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

23  NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE

24  HEARING SCHEDULED ON JUNE 1, 2012, AT 1:30 p.m.:

25       The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties

26  reargue matters addressed in those pleadings.  If the parties intend to rely on legal authorities

27  not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these

28  authorities reasonably in advance of the hearing and to make copies available at the hearing.  If

**United States District Court**
For the Northern District of California

the parties submit such additional authorities, they are ORDERED to submit the citations to the

authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d).

The parties will be given the opportunity at oral argument to explain their reliance on such

authority. The Court suggests that associates or of counsel attorneys who are working on this

case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 60 minutes to present their respective arguments on claim

construction. The Court provides its tentative construction of the term "in crystalline form."

The Court **tentatively adopts** Sandoz's proposed construction (modified to exclude

"solid"): "Prepared in a stable physical form having molecules arranged in a regularly

repeating three dimensional pattern."

1.    Why should the Court favor the dictionary definition of the disputed term over the specifications and the prosecution history?

2.    In what way did the patent authors distinguish prior art except by concluding that the invention must be stable from inception; that is, prepared and manufactured in stable form?

3.    What is the precedential or persuasive import of the New Jersey district court decision in *Roche Palo Alto, LLC v. Ranbaxy Laboratories Limited*?

4.    Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated:   May 29, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2