IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC. and ROCHE PALO ALTO LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>SANDOZ INC.,<br><br>  Defendant.<br>_____<br>GENENTECH INC. and ROCHE PALO ALTO LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>APOTEX INC.,<br><br>  Defendant.<br>_____/ | No. C 11-01925 JSW<br>No. C 11-02410 JSW<br><br>**AMENDED NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON **MAY 30, 2012**, AT 1:30 p.m.:

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If

the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 60 minutes to present their respective arguments on claim construction. The Court provides its tentative construction of the term "in crystalline form."

The Court **tentatively adopts** Sandoz's proposed construction (modified to exclude "solid"): "Prepared in a stable physical form having molecules arranged in a regularly repeating three dimensional pattern."

1. Why should the Court favor the dictionary definition of the disputed term over the specifications and the prosecution history?
2. In what way did the patent authors distinguish prior art except by concluding that the invention must be stable from inception; that is, prepared and manufactured in stable form?
3. What is the precedential or persuasive import of the New Jersey district court decision in *Roche Palo Alto, LLC v. Ranbaxy Laboratories Limited*?
4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 29, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE